

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Weaver H. Baker
Chairman, State Board of Control
Austin, Texas

Dear Sir:

Opinion No. 0-6738
Re: Whether the State Board of
Control can expend the appro-
priation of $25,000 per annum,
provided by S. B. No. 311, Acts
49th Legislature, setting up
the City-County Tubercular
Hospital at Laredo, when said
appropriation has not been
certified to the Governor for
approval.

Receipt is acknowledged of your letter of November 15, 1945, requesting an opinion of this department on the above subject, which is quoted, as follows:

"It has come to our attention this morning that Senate Bill No. 311, Acts of the 49th Legislature, setting up the City-County Tubercular Hospital at Laredo as a State institution and supported by an appropriation of $25,000 per annum, did not have the appropriation certified to the Governor for approval as provided by the Constitution.

"In view of the foregoing fact, does the State Board of Control have the right to expend the appropriation for the purposes set out in the above Bill?"

Senate Bill 311, after setting up the method by which the State shall acquire title and control over the South Texas Tuberculosis Sanatorium, provides as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"Sec. 3. There is hereby appropriated to the South Texas Tuberculosis Sanatorium, upon the establishment of same as herein provided, for the support, operation and maintenance of same, the sum of Twenty-five Thousand ($25,000.00) Dollars for each fiscal year ending August 31, 1946, and August 31, 1947. . . .

"Sec. 4. If any section or provision of this Act shall be declared unconstitutional, the remaining sections or provisions hereof shall not be affected by such invalidity; and the Legislature hereby declares it would have enacted such remaining sections and provisions regardless of such unconstitutional provisions of this Act."

On June 25, 1945, S. B. 311 was filed with the Secretary of State without the Governor's signature. It does not appear on the face of said bill that the Comptroller certified as to the availability of funds for the payment of the appropriation contained therein; nor does it appear that it was passed "with a four-fifths vote of the total membership of each House."

Section 49a of Article III, Constitution of Texas, is quoted, in part, as follows:

"From and after January 1, 1945, no bill containing an appropriation shall be considered as passed or be sent to the Governor for consideration until and unless the Comptroller of Public Accounts endorses his certificate thereon showing that the amount appropriated is within the amount estimated to be available in the affected funds."

The purpose of the constitutional amendment, as stated in this Department's Opinion O-5135, is to place the State on a cash basis and to limit appropriations to an amount not to exceed the cash and anticipated revenue of the funds from which said appropriation is made, except "in case of emergency and imperative public necessity and with a four-fifth's vote of the total membership of each House. . . ." (Quotation from Sec. 49a, Art. III, Const. of Texas.)

In Opinion O-6626, a similar question was considered with respect to an appropriation of "all moneys to be deposited

to the credit of the County and Road District Highway Fund, from September 1, 1945, to August 31, 1947." In that instance, it was held that a certificate by the Comptroller was not necessary since the bill only appropriated the moneys to be deposited in the affected fund; and, therefore, the appropriation could not be in excess of the cash and anticipated revenues of said fund.

The present situation is distinguished, however, by the fact that the appropriation is a specific sum set up for the first time and is not an allocation of funds already appropriated under existing law. It is therefore the opinion of this department that Senate Bill No. 311, Acts 1945, 49th Legislature, clearly falls within the provisions and requirements of Article III, Section 49a, Constitution of Texas; that the certificate by the Comptroller is requisite to the constitutionality of the appropriation, and that the Board of Control is not authorized to expend the appropriation for the purposes set out in said bill.

The question contained in the Chairman's letter of November 15 is limited to the authority of the Board of Control to expend the appropriation and makes no inquiry as to the constitutionality of the other provisions of said bill. This opinion is limited to the question asked and does not purport to approve or disapprove the constitutionality of the act.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

James Noel,
Assistant.

JN:rt

